UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BEATRICE BRUCE INDIVIDUALLY, AS PERSONAL REPRESENATIVE FOR THE ESTATE OF BISMARK ASARE (DECEASED), AS NEXT FRIEND OF R.A. (A MINOR) AND JANET LABRI | § § § § § § § § § § § | 4-22 c.v. 2574 |
| *Plaintiffs*, | | |
| vs. | | |
| HARRIS COUNTY SHERRIF'S OFFICE; ED GONZALEZ, in his official capacity; NOE AGUIRRE | | |
| *Defendants*. | | |

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW BEATRICE BRUCE INDIVIDUALLY, BEATRICE BRUCE AS NEXT FRIEND OF R.A., BEATRICE BRUCE AS PERSONAL REPRESENATIVE FOR THE ESTATE OF BISMARK ASARE, AND JANET LABRI hereinafter referred to as "PLAINTIFFS," complaining of and about the HARRIS COUNTY SHERIFF'S OFFICE, HARRIS COUNTY SHERIFF ED GONZALEZ, and NOE AGUIRRE and for cause of action would show unto the Court the following:

## SUMMARY OF THE CASE

1. The instant action is brought for damages under 42 U.S.C. § 1983, against HARRIS COUNTY SHERIFF'S OFFICE,

A political subdivision of the State of Texas which is sued as a person, HARRIS COUNTY SHERIFF ED GONZALEZ, in his official and individual capacities, and NOE AGUIRRE. Complaint is made here concerning the unconstitutional policies, procedures, customs, practices, and usages of Defendants GONZALEZ. Complaint is also hereby made of Defendant's AGUIRRE for intentionally and knowingly violating PLAINTIFF'S constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution as well as the statutory and common law of the United States and the State of Texas. Complaint is also made of Defendant AGUIRRE for grossly negligent and reckless conduct that caused the death of BISMARK ASARE and for failure to render aid to ASARE after striking ASARE's vehicle with his patrol car. Complaint is also made of Defendant GONZALES and the HARRIS COUNTY SHERIFF'S OFFICE for allowing the sheriffs deputies employed by the office to consistently and recklessly disregard safety policies and procedures that has resulted in unnecessary injures and deaths to the public including BISMARK ASARE. Specifically, complaint is made of the due process violations, gross negligence, negligence, failure to render aid, and for the injuries inflicted upon all PLAINTIFFs by all named Defendants.

2. PLAINTIFFS seek monetary damages under 42 U.S.C. § 1983 and Texas state law for the injuries and damages sustained as a result of all named Defendants' wrongful conduct. PLAINTIFFS also seeks attorney's fees, costs, and expenses against all named Defendants under 42 U.S.C. § 1988. Additionally, PLAINTIFF alleges Texas state law claims of negligence, gross negligence, loss of companionship, mental anguish, loss of earning capacity, loss of household services and violations of Chapter 101 of the Texas Civil Practice and Remedies Code and Chapter 71 of the Texas Civil Practice and Remedies Code against Defendant AGUIRRE and Defendant HARRIS COUNTY SHERIFF'S OFFICE, and seek monetary damages.

**JURISDICTION AND VENUE**

3. The United States District Court has Original jurisdiction over PLAINTIFF's

claims by way of 28 U.S.C. §§ 1343(3) and (4). The Southern District of Texas Houston

Division is the proper venue because all of the acts and omissions that make up the foundation PLAINTIFF'S Complaint happened in Harris County, Texas. Furthermore, this venue is proper pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 1983. This Court has supplemental jurisdiction over PLAINTIFFS' state law claims pursuant to 28 U.S.C. § 1367.

## PARTIES

4. PLAINTIFF BEATRICE BRUCE is a resident of Harris County, Texas.

5. PLAINTIFF BEATRICE BRUCE AS NEXT FRIEND OF R.A. is a resident of Harris County, Texas.

6. PLAINTIFF BEATRICE BRUCE AS PERSONAL REPRESENTATIVE OF THE ESTATE OF BISMARK ASARE is a resident of Harris County, Texas

7. PLAINTIFF JANET LABRI is a resident of Accra Ghana.

8. DEFENDANT HARRIS COUNTY SHERIFF'S OFFICE ("SHERIFF'S OFFICE") is a political subdivision of the State of Texas. THE SHERIFF'S OFFICE may be served with process by service on Sheriff Ed Gonzalez or any assistant authorized to accept service on his behalf at 1200 Baker Street, Houston, Texas, 77002.

9. Defendant, SHERIFF ED GONZALEZ, is the Sheriff of Harris County and was the Sheriff currently the and during the time of the complained about conduct of all named Defendants . SHERIFF GONZALEZ has supervisory authority over all sheriff deputies including Defendant AGUIRRE. SHERIFF GONZALEZ has final policy making authority and is responsible for training and supervising Defendants GONZALEZ and for creating and implementing policies, practices, procedures, and customs to be followed by all Harris County Sheriff Office Deputies and employees including defendant AGUIRRE.

supervisory authority over the Police Chief and police officers and has final policy making authority. Defendant GONZALEZ may be served with process by service at 1200 Baker Street, Houston, Texas, 77002.

11.     Defendant NOE AGUIRRE  is currently and was at all relevant times a Harris County Sheriff's Deputy. Defendant AGUIRRE is being sued in his individual capacity and in his official capacity as a Harris County Sheriff's Deputy. Defendant AGUIRRE can be served at the Harris County Sheriff's Department at 1200 Baker Street, Houston, Texas, 77002.

## STATEMENT OF FACTS

12.     This action is brought by PLAINTIFFS to recover damages resulting from all named Defendants as a result of Defendants' violations of PLAINTIFF'S constitutional rights and for personal injuries inflicted upon PLAINTIFFS as a result of Defendant AGUIRRE causing the death of BISMARK ASARE by recklessly driving and running into the back of BISMARK ASARE'S motor vehicle. At all relevant times discussed in this Complaint

Defendant AGUIRRE was acting within the scope of his employment as a Harris County Sheriff's Deputy and under color of law.

13. On AUGUST 2, 2020 decedent, BISMARK ASARE was working as an Uber driver when he was in route transporting a passenger to a location.

14. On the same day in the early morning hours, Deputy AGUIRRE was on duty in his patrol vehicle.

15. Around 2 a.m. that morning, Deputy AGUIRRE became engaged in a high speed chase with a suspect. During this chase, Deputy AGUIRRE reached speeds of over 100 miles per hour and made several reckless, unwarranted and aggressive maneuvers with his police vehicle to keep up with the suspect.

16. The high speed chase made its way to the Katy Freeway where BISMARK ASARE was traveling in a safe and reasonably prudent manner. Despite safely driving and obeying all traffic laws, Deputy AGUIRRE attempted a reckless maneuver around BISMARK ASARE'S vehicle and caused his police vehicle to violently rear-end BISMARK ASARE'S vehicle. The impact of the crash made BISMARK ASARE'S vehicle spin out of control and pushed part of the back seat into the front seat.

17. After the crash, Defendant AGUIRRE failed to get out and attempt to render aid to the innocent victim he just hit, instead, he focused on the pursuit of the suspect.

18. BISMARK ASARE was transported to the hospital where he was pronounced dead approximately 15 minutes after his arrival.

19. BEATRICE BRUCE, wife of BISMARK ASARE, was at home the early morning hours of August 2, 2020 with her young daughter she shared with BISMARK ASARE.

20. BEATRICE BRUCE was notified of the crash the same morning when she immediately was thrown into shock and placed under traumatic stress from the news.

21. Upon waking up later that morning, five-year-old R.A. was told about her fathers death. R.A. still deals with the trauma from losing her father to this day.

22. PLAINTIFF JANET LABRI lives in Ghana and was told the news by telephone. PLAINTIFF LABRI went into immediate traumatic stress.

23. The impact of the crash did not immediately kill BISMARK ASARE. He laid suffering until he was transported to the hospital where, despite best efforts from the doctor, he could not be saved.

24. The HARRIS COUNTY SHERIFF'S OFFICE has a chase policy that in part reads the chase can be terminated when "there is a clear and unreasonable danger to the innocent victims, the public, law enforcement, or the suspects."

25. The HARRIS COUNTY SHERIFF'S OFFICE chase policy on its face is unreasonable and violates the due process of citizens by allowing harm to be caused by the discretion it gives. Also, the SHERIFF ED GONZALEZ and the HARRIS COUNTY SHERIFF'S office have had countless crashes causing death and injuries to citizens on the road and millions of damage to private property as a result of deputies recklessly driving and chasing suspects around in an unreasonable manner. In spite of this, SHERIFF ED GONZALEZ has failed to improve of make changes to the chase policy and has failed to properly discipline the deputies that cause harm by reckless acts with motor vehicles under his watch.

## **CAUSES OF ACTION AGAINST DEFENDANTS**

26. To the extent not inconsistent herewith, PLAINTIFF realleges and incorporates by reference all allegations made in Paragraphs 12-25 as if set forth fully herein.

27. In committing the acts complained of by PLAINTIFFS, Defendants acted under color of state law to deprive PLAINTIFFS their rights under the Fourth and Fourteenth Amendments to the Constitution of the United States including, but not limited to: a) the right to be free from reckless and unsafe driving by law enforcement of persons acting under color of state law; and b) the right to due process;

28. In violating PLAINTIFF's rights as set forth above and other rights that will be proven at trial, Officer AGUIRRE acted under color of State Law and conducted an illegal

search of PLAINTIFF and used unauthorized and excessive force against PLAINTIFF in violation of PLAINTIFF's civil rights under the Fourth, and Fourteenth Amendments to the Constitution of the United States.

29. In violating PLAINTIFF's rights as set forth above and other rights that will be proven at trial, Officer DECOVENY while acting under color of State Law failed to intervene and stop the illegal behavior of Officer WIEDERHOLD against PLAINTIFF, whom DECOVENY had a duty to protect and serve as a peace officer.

30. Defendant ED GONZALEZ, in his official capacity as Harris County Sheriff, and Defendant HARRIS COUNTY SHERIFF'S OFFICE have adopted policies, customs, practices, or usages that authorize officers to recklessly and unsafely drive and pursue suspects without regard for public safety. As a result of this illegal behavior, implementation of unsafe policies and lack of institutional control by Defendants GONZALEZ and HARRIS COUNTY SHERIFF'S OFFICE, Plaintiffs have suffered personal injuries and are entitled to relief under 42 U.S.C. §1983.

31. Defendant AGUIRRE after striking BISMARK ASARE's vehicle failed to stop and render aid and assist with him. Had Defendant AGUIRRE acted to help and assist BISMARK ASARE, he may have lived. As a result of this illegal behavior, Plaintiffs have suffered personal injuries and is entitled to relief under 42 U.S.C. § 1983.

32. As a direct and proximate result of the violation of her constitutional rights by Defendants, Plaintiffs suffered general and special damages as alleged in this Complaint and are entitled to relief under 42 U.S.C. § 1983.

## STATE LAW VIOLATIONS

WRONGFUL DEATH (Chapters 71 and 101 of the Texas Civil Practice and Remedies Code)

33. To the extent not consistent herewith, PLAINTIFFS incorporate by reference all allegations made in paragraphs 11-32 as if fully set forth herein.

34. Defendants HARRIS COUNTY SHERIFF'S OFFICE and AGUIRRE are responsible for the wrongful death of BISMARK ASARE and are liable to the ESTATE OF BISMARK ASARE pursuant to Chapter 71 of the Texas Civil Practice and Remedies Code and Section 101.106 of the Texas Civil Practice and Remedies Code.

STATE COMMON LAW CLAIMS – NEGLIGENCE AND GROSS NEGLIGENCE

35. To the extent not inconsistent herewith, PLAINTIFF incorporates by reference all allegations made in Paragraphs 11-32 as if set forth fully herein.

36. DEFENDANT AGUIRRE, had a duty to exercise the degree of care that a reasonably careful person would use to avoid harm to others under circumstances similar to those described herein.

37. BISMARK ASARE'S injuries and death were proximately caused by Defendants negligent, careless and reckless disregard of said duty.

38. The negligent, careless and reckless disregard of duty of Defendant consisted of, but is not limited to, the following acts and omissions:

    A. In that Defendant AGUIRRE failed to keep a proper lookout for Plaintiff's safety that would have been maintained by a person of ordinary prudence under the same or similar circumstances;

    B. In that Defendant AGUIRRE failed to turn his motor vehicle in an effort to avoid the collision complained of;

    C. In that Defendant AGUIRRE failed to keep such distance away from Plaintiff's motor vehicle as a person using ordinary prudent care would have done; and

    D. In that Defendant AGUIRRE attempted to make an improper and unsafe maneuver and placed Plaintiff in a hazardous and life threating situation.

39. As a direct and proximate result of the occurrence made the basis of this lawsuit, BISMARK ASARE AND PLAINTIFFS were caused to suffer multiple physical, mental, and emotional injuries, and to incur the following damages:

    A. Reasonable medical care and expenses in the past.

    B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

      C.    Physical pain and suffering in the past;

      E.    Physical impairment in the past;

      G.    Loss of earnings in the past;

      H.    Loss of earning capacity which will, in all probability, be incurred in the future;

      I.    Loss of Consortium in the past, including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

      J.    Loss of Consortium in the future including damages to the family relationship, loss of care, comfort, solace, companionship, protection, services, and/or physical relations;

      K.    Loss of Parental Consortium in the past, including damages to the parent-child relationship, including loss of care, comfort, solace, companionship, protection, services, and/or parental love;

      L.    Loss of Parental Consortium in the future including damages to the parent-child relationship, including loss of care, comfort, solace, companionship, protection, services, and/or parental love;

      M.    Mental anguish in the past; and

      N.    Mental anguish in the future.

40. As a result of Defendant AGUIRRE'S behavior, PLAINTIFF has been damaged in an amount believed to be in access of $1,000,000.

    41.    Based upon the aforementioned behavior of Defendant AGUIRRE which was

conducted in Defendant's official capacity, PLAINTIFF sues Defendant HARRIS COUNTY SHERIFF'S OFFICE AND DEFENDANT ED GONZALEZ for damages.

## PRAYERS FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, PLAINTIFFS respectfully prays that upon final hearing in this cause, PLAINTIFF recovers a judgment against Defendants, jointly and severally except where noted, as follows:

    a.    For all and actual compensatory damages allowed by law, past and future, in an amount to be proved by trial, to compensate her for the physical and psychological injuries she has incurred, and for the consequences of these injuries that are reasonably likely to incur, including medical and psychological bills and expenses, loss of impairment of physical capabilities and functioning, disfigurement, pain and suffering, emotional distress, loss of companionship, and increased morbidity and mortality;

b. For PLAINTIFF's "reasonable attorneys" fees pursuant to 42 U.S.C. § 1988;

c. For costs of court;

d. For prejudgment and post-judgment interest at the legal rates; and

e. For such other and further relief to which the PLAINTIFF has shown herself or may at trial show herself, to be justly entitled, at law or in equity.

Respectfully Submitted,

s/ Jason T. Johnson
Jason Johnson (2561082)
Jason Johnson Law Firm
6588 Corporate Drive #200
Houston, Texas 77036
Tel: 281.888.9708
Fax: 866.283.0034
ATTORNEY FOR PLAINTIFFS